```
1  BARRY J. PORTMAN
   Federal Public Defender
2  LARA S. VINNARD
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA  95113
4  Telephone:  (408) 291-7753

5  Counsel for Defendant RUANO
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS RUANO-SALQUERO,<br>aka CARLOS RUANO-SALGUERO,<br><br>    Defendant. | No. CR 07-00357 JW<br><br>**STIPULATED MOTION TO MODIFY SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a); REQUEST TO BE HEARD ON SHORTENED TIME**<br><br>Date:  June 20, 2007<br>Time:  9:00 a.m.<br>Honorable James Ware |

## MOTION

On June 11, 2007, Defendant Carlos Ruano was convicted of violating 8 U.S.C. § 1326 and sentenced to twenty-one months imprisonment pursuant to a "fast track" agreement with the United States. After the sentencing, defense counsel determined that the guideline calculation underlying the sentence appeared to be in error. Defense counsel consulted with Assistant U.S. Attorney Benjamin Kennedy as well as Assistant U.S. Attorney David Callaway, as Mr. Kennedy is presently out of town. AUSA Callaway has conducted a review of the file in this matter, and agrees with the defense that the sentence is erroneous for the reason set forth below. Accordingly, the parties jointly bring this stipulated motion pursuant to Federal Rule of Criminal

STIPULATED MOTION TO CORRECT
SENTENCE UNDER R. 35(a)
No. CR 07-00357 JW                    1

1  Procedure 35(a) to correct the defendant's sentence, and request that the Court issue an Amended
2  Judgment imposing a sentence of a year and a day.
3      Because this motion must be heard and resolved by the Court within seven court days
4  after imposition of sentence, the parties further request that the Court hear this matter on
5  shortened time.[1]

6  **Stipulated Facts and Law**

7      Pursuant to Federal Rule of Criminal Procedure 35(a), the Court may correct a sentence
8  that resulted from "arithmetical, technical, or other clear error" within seven days after
9  sentencing. In this case, sentencing occurred on June 11, 2007. Accordingly, the seven-day
10 period for correction of any errors in the sentence will end on Wednesday, June 20, 2007,
11 pursuant to Federal Rule of Criminal Procedure 45.[2]
12     In this case, the sentence resulted from clear error because the calculation of Mr. Ruano's
13 sentence under the sentencing guidelines was based on the assumption that he had been
14 convicted of an aggravated felony in 2003, in Los Angeles County, in Case No. BA237964-01.
15 In that case, Mr. Ruano was convicted of possession of a concealed weapon. Mr. Ruano's
16 criminal history summary and rap sheet erroneously described his conviction as follows: "carry
17 concealed weapon in vehicle with prior felony conviction." If the description were correct, this
18 conviction would qualify as an aggravated felony because it shares the elements of 18 U.S.C. §
19 922(g)(1), which is an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)( E)(ii). In addition, the
20 conviction would subject Mr. Ruano to an 8-level enhancement because it occurred prior to his
21 deportations in 2003 and 2004. *See* U.S.S.G. § 2L1.2(b) (allowing enhancement for aggravated

---

23    [1] Undersigned defense counsel has coordinated with Mr. Callaway as well as the Court's chambers to schedule this matter for hearing on June 20, 2007, at 9:00 a.m. Mr. Ruano is in custody. He speaks fluent English, and does not require the assistance of the Spanish interpreter.

25    [2] The 7-day count is calculated as follows: under Rule 45(a)(1), the day that begins the period is excluded, and under Rule 45(a)(2), intermediate Saturdays and Sundays are excluded when the period is less than 11 days. The last day of the period is included. F.R.C.P. 45(a)(3).

STIPULATED MOTION TO CORRECT
SENTENCE UNDER R. 35(a)
No. CR 07-00357 JW          2

felony conviction where defendant was deported *after* the conviction). On the other hand, mere possession of a concealed weapon does not qualify as an aggravated felony. *Cf. United States v. Sandoval-Barajas*, 206 F.3d 853 (2000) (rejecting government's argument that Washington state conviction for "possession of weapon by a non-citizen" qualified as an aggravated felony).

A review of the underlying complaint and Abstract reveals that Mr. Ruano was not convicted of carrying a concealed weapon in vehicle "*with prior felony*," but rather with carrying a concealed weapon "*in a vehicle*." *See* Complaint and Abstract, Case No. BA237964-01, Exhibit A. Moreover, prior to 2003, Mr. Ruano had only been convicted of misdemeanors, as reflected in his criminal history summary. *See* Criminal History Summary, Exhibit B. Accordingly, the criminal history summary and rap sheet are in error. Defense counsel accepts responsibility for failing to note this error prior to Mr. Ruano's entry of plea.

At sentencing, the parties agreed that Mr. Ruano had a Total Offense Level of 9 and a Criminal History Category of VI, with a resulting range of 21 to 27 months. Accordingly, the recommended sentence, which the Court imposed pursuant to Fed. R. Crim. P. 11(c)(1)(C), was 21 months. Because the 2003 concealed weapon conviction was not an aggravated felony, however, the parties now agree and submit that the correct calculation of Mr. Ruano's sentence should be as follows:

| | |
|---|---|
| Base Offense Level | 8 |
| Increase for felony conviction prior to deportation | + 4 |
| Acceptance of responsibility | − 2 |
| Fast-track adjustment | − 4 |
| Total Offense Level | 6 |

At Total Offense Level 6, with a Criminal History Category of VI, the resulting range is 12 to 18 months. Accordingly, the parties jointly stipulate and recommend that the Court should impose a sentence of <u>12 months and one day</u>. The parties further request that the Court issue an amended judgment reflecting the corrected sentence.

**STIPULATION**

As set forth above, the parties hereby stipulate that the Court should correct the sentence pursuant to Federal Rule of Criminal Procedure 35(a), and impose a sentence of one year and one day. All other terms of the sentence shall remain the same. The parties further request that the Court issue an Amended Judgment reflecting the modification.

**IT IS SO STIPULATED.**

Dated:    6/19/07                              _____/s/_____
                                                LARA S. VINNARD
                                                Assistant Federal Public Defender

Dated:    6/19/07                              _____/s/_____
                                                DAVID CALLAWAY
                                                Assistant United States Attorney